**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE HP INC. DERIVATIVE LITIGATION | Lead Case No. 4:21-cv-04805-JSW |
| This Document Relates To:<br>All Actions | (Consolidated with Case No. 4:22-cv-00254-JSW) |

## <u>PRELIMINARY APPROVAL ORDER</u>

WHEREAS, Plaintiffs having made an application, pursuant to Federal Rule of Civil Procedure 23.1(c), for an order preliminarily approving the Settlement of pending litigation, in accordance with a Stipulation and Agreement of Settlement dated April 22, 2026, which, together with the Exhibits thereto, sets forth the terms and conditions for a proposed Settlement of litigation between the Parties and for dismissal of the litigation against the Defendants and their Related Persons with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and Exhibits thereto,

NOW, THEREFORE, IT IS HEREBY ORDERED this __29th__ day of __May__, 2026, that:

1. Except for any terms defined herein, the Court adopts and incorporates the definitions in the Stipulation for purposes of this Order.

2. The Settlement Hearing shall be held on __September 18__, 2026 (a date that is at least ninety (90) days from the date of this Order) at __9:00__ in the United States Federal District Court for the Northern District of California, to:

   a) determine whether Judgment should be entered pursuant to the Stipulation;

[~~PROPOSED~~] PRELIMINARY APPROVAL ORDER

b) determine whether the Settlement should be approved by the Court as fair, reasonable, adequate, and in the best interests of HP Inc. ("HP") and its stockholders;

c) consider the request for approval of the agreed amount of attorneys' fees and expenses to be paid to Plaintiffs' Counsel; and

d) rule on such other matters as the Court may deem appropriate.

3.    The Court reserves the right to adjourn the Settlement Hearing or any adjournment thereof, including the consideration of the request for approval of the agreed amount of attorneys' fees and expenses, without further notice of any kind other than oral announcement at the Settlement Hearing or any adjournment thereof, and retains jurisdiction over the litigation to consider all further applications arising out of or connected with the proposed Settlement.

4.    The Court reserves the right to approve the Settlement at or after the Settlement Hearing with such modification(s) to the Stipulation as may be consented to by the Parties and without further notice to HP's current stockholders.

5.    Within thirty (30) calendar days after the date of this Order, HP shall make a good faith effort to: (i) cause the Postcard Notice, substantially in the form of Exhibit D to the Stipulation, to be emailed or mailed to all stockholders of record and to its notice administrator's list of brokers and other nominees with instructions to forward to all beneficial owners; (ii) cause the Summary Notice to be published in *Investor's Business Daily*, substantially in the form of Exhibit C to the Stipulation; and (iii) post the Notice, substantially in the form of Exhibit B to the Stipulation, and Stipulation on a settlement website until the Judgment becomes Final.

6.    The form and method of notice herein is the best notice practicable, constitutes due and sufficient notice of the Settlement Hearing to all persons entitled to receive such a notice, and meets the requirements of Rule 23.1 of the Federal Rules of Civil Procedure. Counsel for HP shall,

2

[~~PROPOSED~~] PRELIMINARY APPROVAL ORDER

at least seven (7) calendar days before the Settlement Hearing, file with the Court an affidavit or declaration with respect to the preparation and dissemination of the notice of the Settlement to current stockholders of HP.

7.    All proceedings in the litigation, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court.  Pending final determination of whether the Settlement should be approved, no Plaintiff, directly or derivatively on behalf of HP, or other HP stockholder, derivatively on behalf of HP, may commence or prosecute against any of the Released Persons any action or proceeding in any court, tribunal, or jurisdiction asserting any of the Released Claims.

8.    Any person who objects to the Settlement, the Judgment to be entered in the litigation, and/or Plaintiffs' Counsel's request for approval of the agreed amount of attorneys' fees and expenses, or who otherwise wishes to be heard, may appear in person or by counsel at the Settlement Hearing and request leave of the Court to present evidence or argument that may be proper and relevant; provided, however, that, except by order of the Court for good cause shown, no person shall be heard and no papers, briefs, pleadings, or other documents submitted by any person shall be considered by the Court unless, not later than twenty-one (21) calendar days prior to the Settlement Hearing, such person files with the Court and serves upon counsel listed below: (a) a written notice of intention to appear; (b) proof of current ownership of HP stock, as well as documentary evidence of when such stock ownership was acquired; (c) a statement of such person's objections to any matters before the Court, including the Settlement, the Judgment to be entered in the litigation, and/or Plaintiffs' Counsel's request for approval of the agreed amount of attorneys' fees and expenses; (d) the grounds for such objections and the reasons that such person desires to appear and be heard, as well as all documents or writings such person desires the Court to consider; (e) a description of any case, providing the name, court, and docket number, in which

the objector or his or her attorney, if any, has objected to a settlement in the last three years; and (f) a proof of service signed under penalty of perjury. Such filings shall be served electronically via the Court's ECF filing system, by hand, or by overnight mail upon the following counsel:

*Plaintiffs' Counsel*:
Correy A. Suk
LEVI & KORSINSKY, LLP
33 Whitehall Street, 27th Floor
New York, NY 10004

Brian P. Murray
BRIAN MURRAY LAW PLLC
750 E. Main St, Suite 620
Stamford, CT 06902
Telephone: (203) 246-2368
Email: bmurray@brianmurraylaw.com

Shane Rowley
Danielle Rowland Lindahl
ROWLEY LAW PLLC
50 Main Street, Suite 1000
White Plains, NY 10606

*Defendants' Counsel*:
Lissa M. Percopo
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.,
Washington, D.C. 20036

Brian M. Lutz
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94105

9.    Unless the Court otherwise directs, no person shall be entitled to object to the approval of the Settlement, any judgment entered thereon, and/or any award of attorneys' fees and expenses, or otherwise be heard, except by serving and filing a written objection and supporting papers and documents as prescribed above. Any person who fails to object in the manner described above shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in this or any other action or proceeding. If the Court

4
[PROPOSED] PRELIMINARY APPROVAL ORDER

approves the Settlement provided for in the Stipulation following the Settlement Hearing, Judgment shall be entered substantially in the form attached as Exhibit F to the Stipulation.

10.     Plaintiffs shall serve and file their opening brief and papers in support of final approval of the Settlement and their application for attorneys' fees and expenses no later than thirty-five (35) calendar days before the Settlement Hearing.  Any party's objection to Plaintiffs' Counsel's motion for final approval of the Settlement and/or request for attorneys' fees and expenses shall be filed and served no later than twenty-one (21) calendar days before the Settlement Hearing.  Any briefs in response to any objection(s) to either the Settlement or Plaintiff's Counsel's request for approval of the agreed amount of attorneys' fees and expenses shall be served and filed no later than seven (7) calendar days before the Settlement Hearing.

11.     If the Settlement, including any amendment thereof made in accordance with the Stipulation, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement (including any modification thereof made with the consent of the Parties as provided for in the Stipulation) and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein) shall be terminated and shall become void and of no further force and effect, except for the obligation of HP to pay for any expense incurred in connection with the Notice and administration provided for by this Preliminary Approval Order. In that event, neither the Stipulation, nor any provision contained in the Stipulation, nor any action undertaken pursuant thereto, nor the negotiation thereof by any Party, shall be deemed an admission or received as evidence in this or any other action or proceeding. For purposes of this provision, a disallowance or modification by the Court of the attorneys' fees and/or expenses sought by Plaintiffs' Counsel shall not be deemed an amendment, modification, or disapproval of the Settlement or the Judgment.

[~~PROPOSED~~] PRELIMINARY APPROVAL ORDER

12.     The Stipulation and any negotiations, statements, or proceedings in connection therewith, shall not be construed or deemed evidence of, a presumption of, concession of, or admission of any fault, liability, or wrongdoing as to any facts or claims alleged or asserted in the litigation or otherwise, or that Plaintiffs or Plaintiffs' Counsel, or any present or former stockholders of the Company, or any other person, has suffered any damage attributable in any manner to any of the Released Persons.  The Stipulation and any negotiations, statements, or proceedings in connection therewith, shall not be offered or admitted in evidence or referred to, interpreted, construed, invoked, or otherwise used by any person for any purpose in the litigation or otherwise, except as may be necessary to enforce or obtain Court approval of the Settlement.

IT IS SO ORDERED.

Date:  May 29, 2026

_____
Honorable Jeffrey S. White
United States District Judge

[PROPOSED] PRELIMINARY APPROVAL ORDER